for Journalism for leave to file a brief as *amicus curiae* granted. Certiorari denied. 

No. 10–560. SCHULZ *v.* FEDERAL RESERVE SYSTEM ET AL. C. A. 2d Cir. Certiorari denied. JUSTICE SOTOMAYOR took no part in the consideration or decision of this petition. 

No. 10–5196. GAMACHE *v.* CALIFORNIA. Sup. Ct. Cal. Certiorari denied. 

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG, JUSTICE BREYER, and JUSTICE KAGAN join, respecting the denial of the petition for writ of certiorari.

After a jury convicted Richard Gamache of first-degree murder and sentenced him to death, Gamache's counsel and the trial court learned that during deliberations, court personnel inadvertently gave the jury a videotape that had not been admitted into evidence. During its deliberations, the jury watched the video twice in full and a third time in part before reaching its verdict. The video showed a police interview of Gamache and his codefendants on the day of the murder in which Gamache confessed to the crime in graphic terms. The video showed Gamache explaining, for example, that given the opportunity, he would have shot police officers. 48 Cal. 4th 347, 402, 227 P. 3d 342, 390 (2010) (quoting Gamache on the video as stating, " 'If I figured, if I had any idea I was about to be arrested, I'd have started shooting. . . . See, I figure if I'm going to die, . . . I'm going to take one or two with me' ").

On appeal, the California Supreme Court held that the jury's access to the tape was indisputably error, citing our opinion in *Turner* v. *Louisiana*, 379 U. S. 466 (1965). 48 Cal. 4th, at 396, 227 P. 3d, at 386 (" 'The requirement that a jury's verdict "must be based upon the evidence developed at the trial" goes to the fundamental integrity of all that is embraced in the constitutional concept of trial by jury' " (quoting *Turner*, 379 U. S., at 472)); see also *id.*, at 472–473 ("In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel"). The California Supreme Court